FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 1 8 2013

JAMES N. HATTEN, Clerk
BY: Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

WEBSTERS CHALK PAINT )
  POWDER, LLC, )
               )
    Plaintiff )
               )
    Vs. )    Civil Action File No.
               )    **1 13-CV-2040**
ANNIE SLOAN INTERIORS, )
  LTD. )
               )
    Defendant. )
               )

**WSD**

## **COMPLAINT**

Plaintiff, WEBSTERS CHALK PAINT  POWDER, LLC, by and through

undersigned counsel, states its Complaint against Defendant, ANNIE SLOAN

INTERIORS, LTD. for deceptive and unfair business practices in violation of

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as well as the Georgia

uniform Deceptive Trade Practices Act, O.C.G.A.  § 10-1-370, *et seq.*, and for

tortious interference with contract in contravention of the common law of the State

of Georgia.

### **Parties**

1.  Plaintiff, Websters Chalk Paint Powder, LLC, is a Georgia Limited

Liability Company having its main office at 102 Massengale Road Brooks,

Georgia 30205. Websters Chalk Paint Powder, LLC is in the business of

manufacturing, distributing, and selling specially-formulated powder for mixing with various types of paint.

2.  For the purpose of this complaint, Websters Chalk Paint Powder, LLC will be referred to as "Websters."

3.  Defendant, Annie Sloan Interiors, Ltd., is a foreign corporation having its principal place of business at 33 Cowley Road, Oxford, OX4 1HP, United Kingdom.  Annie Sloan Interiors Ltd. transacts business in the United States and further, transacts business in this District as a foreign corporation, through its designated agents, representative, "stockists", and other entities.

4.  Defendant Annie Sloan Interiors Ltd., manufactures, exports, and sells paint and a variety of other products, goods, and services.

5.  For purposes of this Complaint, Annie Sloan Interiors Ltd. and its designated agents, stockists, and other representatives will be referred to collectively as "ASI".

**Jurisdiction and Venue**

6. This court has jurisdiction over Plaintiff's claims brought under the Lanham Act, 15 U.S.C.  § 1051 *et*. *seq*. pursuant to 28 U.S.C.  § 1331, 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121(a) and 1125(a).  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.  § 1367(a) because these claims are substantial and related.

2

7.  Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).  ASI, through its agents and others, conducts business in the Northern District of Georgia, and is subject to personal jurisdiction in this District.

8.  ASI imports and sells a product entitled "chalk paint" under the labeled, combined brand name "Annie Sloan®," "Chalk Paint®" for use for decorative, refinishing, and a variety of other uses. This product is actively advertised, marketed, and sold in this District.

9.  Upon information and belief, ASI, Annie Sloan Interiors, Ltd., (ASI) was founded and is operated by Annie Sloan, a resident of the United Kingdom.

10.  On ASI's website, and in all media advertisements, the term "chalk paint" is consistently connected to, and accompanied by, the personal name, "Annie Sloan," itself a  registered trademark with the USPTO.

11. On information and belief, ASI's commercial adverting media, websites, and other locales, the term "Chalk Paint" is never used on products unless accompanied by display of the personal name *"Annie Sloan"* printed in close proximity.  This applies to all ASI's generic products.

12.  Plaintiff, Websters is the owner of an invention comprising ingredients combined in a chalk-type powder, which powder is used for mixing with various types of paint.

3

13.  Websters is the owner of a common-law trademark (and design) entitled WEBSTERS CHALK PAINT POWDER, [reference **Exhibit  A** ] which mark, on July 5, 2012, was submitted in an application for trademark registration with the U.S. Patent and Trademark Office (USPTO) under serial number 85669594, said application attached as **Exhibit  B** .

14.  On April 25, 2010, Annie Sloane, as an individual, and one of ASI's authorized retailers, Jolie Design & Décor, Inc. filed a first trademark application for the term "CHALK PAINT," application Serial No. 85022616.  This initial application was rejected by the trademark examiner on the grounds of being "generic" and "merely descriptive," and has since been abandoned.

15.  Over a period of time, ASI filed two additional applications for trademark: an application filed on August 26, 2011, serial No. 85408522; and an application filed on November 22, 2011, serial No. 85479014.

16.  On October 30, 2012, the U.S. Patent & Trademark Office granted a trademark registration, No. 4232734, for CHALK PAINT to ASI.

## COUNT ONE
### Harrassment And Unilateral Disparagement
### Of Websters' Trademark Application

17.  Paragraphs 1 through 16 are hereby incorporated into this Count One of this Complaint by specific reference, as though fully appearing herein.

4

18.  Like other paint, chalk paint, or chalkboard paint retailers, Plaintiff seeks to share and profit from its knowledge and expertise concerning decorative painting, refinishing, and interior design.  Websters has actively used the term "chalk paint powder" in its business since October, 2011, including its website, www.websterschalkpaintpowder.com.

19.  On May 14, 2012, ASI sent a letter to Websters threatening legal action for Websters' continued use of its own common law trademark, "Websters Chalk Paint Powder."  Reference **Exhibit  C**, attached.  This letter was sent despite the fact that ASI had not acquired USPTO registration of its trademark.

20.  On or about June 8, 2012, counsel for ASI sent to Websters a letter alleging trademark infringement **Exhibit  D**, attached.  This letter was sent even though ASI had not yet obtained USPTO registration of its trademark.  Further, ASI contacted at least one of Websters' distributors in an attempt to coerce the distributor into discontinue sales of Websters' product.

21.  On June 22, 2012, counsel for Websters sent an advisory letter to counsel for ASI, advising that Websters had a complete legal right to continue using its own common law trademark.  Ref. **Exhibit  E**, attached.

22.  On July 5, 2012 Websters filed, with the USPTO, an application for trademark of its common law mark, Websters Chalk Paint Powder;  **Exhibit  B**, attached.

5

23.  On October 30, 2012, ASI was granted federal Registration No.

4232734 on the principal register for "Chalk Paint' in International Class 002 for:

"Paints for arts and Crafts; Paints for decorative purposes."

24. On November 7, 2012, in an Examiner's Amendment, the USPTO

determined that, in accordance with a USPTO Office search related to the

application for trademark of "Websters Chalk Paint Powder," no conflicting marks

were found that might preclude registration.  [**Exhibit _F,** attached].

25.  Despite the ruling by the trademark examiner, ASI willfully and

deliberately continued, and does to this day, to harass and threaten both Websters

and its associated distributors and retailers.

## COUNT TWO
### Tortious Interference With Contract

26.  Paragraphs 1 through 25 are hereby incorporated into this Count Two of

the Complaint by specific reference, as though fully appearing herein.

27.  Toward the end of the year 2012, Websters formed a contract with an

online advertising service, Etsy.com, for the purpose of having its chalk paint

powder displayed and marketed by means of website sales to consumers.

28.  In January, 2013, ASI willfully contacted Etsy.com, for the purpose of

inducing this company to refrain from displaying advertisements and purchase

information for Websters' chalk paint powder.

29. On January 13, 2013, Etsy.com informed Websters, by email, that Etsy.com had received a complaint from counsel for ASI demanding that Etsy.com take down portions of Websters' website advertisement because it was alleged to have infringed ASI's "intellectual property" or proprietary material. Reference **Exhibit  G** hereto.

30. In response to the threats and allegation of trademark infringement from ASI, Etsy.com took down critical portions of Plaintiff's online advertising materials, thereby causing a loss of profits and diminishment of Websters' ability to attract customers.

31. Despite a telephonic plea from counsel for Websters, asking ASI to refrain from the misleading accusations filed with Etsy.com, ASI continued to maintain those accusations with Etsy.com.

32. On or about January 17, 2013, pursuant to Georgia statute O.C.G.A., § 10-1-393, counsel for Websters transmitted to ASI the required letter advising of the potential for a lawsuit with respect to the unfair or deceptive practices act, said letter attached hereto as **Exhibit  H** (partially redacted).  Nevertheless, ASI refused and has continued to refuse to retract its complaint of infringement filed with Etsy.com.

33. To date, citing ASI's allegations, Etsy.com has refused to reinstate the affected portions of the Plaintiff's advertising, despite communication that

7

Websters' trademark application has yet to complete its processing before the USPTO examiner.

34. ASI's deliberate and willful actions have caused a loss of, at minimum, one thousand five hundred dollars ($1,500.00) per month in revenues that would have been obtained through Etsy's.com.

35. On or about June17, 2013, ASI filed a complaint of infringement against Websters with the social media outlet, "Facebook," [Notice #513857412002384], thereby causing irreparable harm to Websters' business and  credibility.

## COUNT THREE
### Deceptive and Unfair Use of Newly-Designed Logo by ASI

36. Paragraphs 1 through 35 are hereby incorporated into this Count Three of the Complaint by specific reference, as though fully appearing herein.

37. Websters has established and developed a substantial customer base and considerable good will in its business endeavors through the use of its common law trademark, **Exhibit A** herein.

38. On information and belief, during January 2013, ASI and certain of its agents or "stockists" began using a newly-created commercial logo [ref **Exhibit J**] which is an obvious design, layout, likeness, and coloring substantially similar to Websters' common law trademark design and layout, shown in **Exhibit A** .

39. On information and belief, ASI has willfully distributed the logo to its agents and stockists involved with the sales of its "chalk paint" product in a

deliberate and malicious attempt to induce an element of confusion in the minds of potential consumers of Websters' chalk paint powder. Such consumers will not be able to readily discern Websters' proprietary logo, nor will they have the opportunity to determine whether Websters' product is a viable and preferable alternative to the "chalk paint" sold by ASI.

40. ASI's deceptive and infringing logo is intended to deceive or have the capacity to deceive potential buyers as to the availability, function, ease of use, and performance of Webster's chalk paint powder. ASI's deceptive logo has, and will continue to have an adverse material effect on the purchasing decisions of potential buyers.

41. ASI's deceptive and misleading logo has injured and is likely to continue to injure Websters. In particular, if ASI's dissemination of the misleading logo continues, ASI will benefit from its willful deception, Websters' brand will be harmed, and Websters will lose sales, market share, and goodwill that cannot readily be quantified or recaptured. Accordingly, Websters and the public have a strong interest in preventing further dissemination of the misleading logo by ASI.

42. By deliberate and willful use of the newly-created logo design, ASI has unfairly and deceptively diluted the effectiveness of Websters' applied-for trademark with respect to Websters' unique presentation of itself, its product, and its trade dress to potential consumers. ASI's publishing and advertising by means

9

of the newly-created logo has resulted in infringement of Websters' common law trademark, shown in **Exhibit A** hereto.

43. ASI's willful and deliberate promotion of its newly-created logo is "causing actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of goods or services" as set forth under Georgia law, specifically O.C.G.A. § 10-1-393.

44. By use of its newly-created logo design with obvious similarities, ASI has deliberately, unfairly, and unlawfully deprived Websters of potential profits, consumer good will, credibility, marketing effectiveness and harmed Websters' ability to distinguish itself and its product from the "chalk paint" product of ASI.

### COUNT FOUR
### Injurious and Tortious Conduct; Denial of Due Process

45. Paragraphs 1 through 44 are hereby incorporated into this Count Four of the Complaint by specific reference, as though fully appearing herein.

46. Prior to ASI acquiring registration for the "CHALK Paint" mark, ASI continuously used its superior economic power and unlawful actions to intimidate Websters, for example, manipulating the removal of online materials which directly enhance Websters' marketing of its chalk paint powder product, and its ability to communicate with, and educate customers about chalk paint powder.

47. Upon information and belief, it appears that ASI has sent many similar intimidating communications to (a) other retailers of "chalk paint" or similar paint

products and/or (b) other online service providers concerning these retailers' online content. These allegations shall be proved at trial, as necessary.

48. ASI's actions amount to those of a "vigilante" trademark examiner attempting to forcefully and deny Websters trademark rights in and to the mark "Websters Chalk Paint Powder." A result is the prevention of Websters and numerous retailers from accurately describing and educating others about chalk paint powder and fabricating a variety of "chalk paint" products.

49. ASI and its agents have deliberately and willfully conducted a campaign of slanderous and libelous commentary by means of communications via electronic social media in various outlets.

50. ASI's willful, continued unlawful actions constitute an attempt to road-block Websters' path to trademark registration, and will cause irreparable harm to Websters. These actions, in essence, amount to a denial of due process before the U.S. Patent and Trademark Office. Moreover, it is of primary significance that the Trademark Trial and Appeal Board (TTAB) will shortly enter into investigation and deliberations, in ongoing "Cancellation" and "Opposition" proceedings, as to whether ASI is legally entitled to monopolize the term "chalk paint"

51. It is undeniable that Websters has the right under law to apply for trademark registration of its mark, "WEBSTERS CHALK PAINT POWDER." Moreover, until Websters' application has been finally processed and a binding

decision on its registrability has been determined in the USPTO, the Plaintiff has an equal right to pursue its business endeavors using its chosen Mark.

## CONCLUSION

52. The foregoing actions of ASI are willful and knowingly deceptive and have caused harm to Websters. The actions are blatant, inequitable, and in complete disregard of existing Federal trademark laws and constitute unfair business practices. A real, immediate, and justiciable controversy exists between ASI and Websters. ASI deliberately and willfully attempts to prevent the operation of Websters' business during the pendency of Websters' trademark application before the USPTO. For these reasons, Websters is entitled to temporary and permanent injunctive relief, as well as lost profits, compensation for damages and enhancement of the same, attorney's fees, and the cost of this action.

53. In consideration of the continuing violations of law by the Defendant, ASI, an emergency condition has developed with respect to Plaintiff's ability to lawfully conduct its business and survive. Plaintiff has retained the law firm of J.T. Hollin, Attorney at Law, P.C. to represent it in this action and has agreed to pay the firm a reasonable fee for its services

**THEREFORE**, Plaintiff prays that this Court

A. Issue a temporary Order enjoining ASI from the maintenance of its infringement claims against Plaintiff with the online service provider, Etsys.com;

B.  Issue a temporary Order enjoining ASI from the maintenance of its

infringement claims against Plaintiff with the website service, "Facebook;"

C.  Enjoin ASI from further use and display of its newly-created logo, as

shown and displayed in **Exhibit  J**, on any communications or media format in the

United States;

D.  Order the Defendant, ASI, to reimburse Plaintiff for lost profits, attorneys

fees, and the cost of this action; and

E.  Grant such other equitable and legal relief as is justified under the

circumstances.

Respectfully submitted, this 18 day of June, 2013.

JT Hollin, Attorney at Law, P.C.

110 Habersham Drive/ Suite 118  James T. Hollin, Jr.  GA Bar #362625
Fayetteville, Georgia 30214   Attorney for Plaintiff
Ph 770-371-5024     USPTO Reg #60396
email: jthollin@hollinpatent.com



**EXHIBIT A**



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Sat Dec 8 05:02:46 EST 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

[ Logout ] Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | **WEBSTERS CHALK** PAINT POWDER |
| **Goods and Services** | IC 002. US 006 011 016. G & S: Aluminium powders for painting; Metal in foil and powder form for painters, decorators, printers and artists |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.01.17 - Circles, two concentric; Concentric circles, two; Two concentric circles 26.01.21 - Circles that are totally or partially shaded. |
| **Serial Number** | 85669594 |
| **Filing Date** | July 5, 2012 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | December 25, 2012 |
| **Owner** | (APPLICANT) Websters Chalk Paint Powder, LLC LIMITED LIABILITY COMPANY GEORGIA 102 Massengale Road Brooks GEORGIA 30205 |
| **Attorney of Record** | James T. Hollin, Jr. |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CHALK PAINT POWDER" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of two concentric circles with the word "WEBSTERS" written five times, with a dot after each word, within a circular border defined by the two concentric circles, further having the three words "Chalk Paint Powder" wherein each of the three words is written separately and horizontally within the circle defined by the inner concentric circle. |
| **Type of Mark** | TRADEMARK |

**EXHIBIT B**



2609 Piedmont Street
Kenner, LA 70062
Phone: 336-333-9911
Debbie@anniesloanunfolded.com

May 14, 2012

Dear Etsy Shop Owner of Websterschalkpaint,

As you may know, Annie Sloan Interiors, Ltd. is the owner of the Chalk Paint trademark and has been using the mark in connection with its brand of decorative paints for over a decade. Annie Sloan Unfolded is the exclusive distributor of Chalk Paint brand decorative paints in North America and the exclusive licensee of the Chalk Paint trademark for this region. We have expended significant time and resources promoting the Chalk Paint mark in connection with Annie Sloan's paints. Consequently, we must vigorously pursue the improper use and infringement of this mark.

It has recently come to our attention that you are selling paints using the Chalk Paint mark. There are certainly other "ultra-flat" or "ultra-matte" paints on the market, and you are welcome to join them, but your use of the Chalk Paint mark in this manner is likely to cause consumer confusion, deception and mistake. As such, your conduct violates both domestic and international trademark laws.

While we are prepared to take legal action in connection with your unauthorized use of the Chalk Paint trademark, we are writing in an effort to first resolve this matter amicably. To that end, we hereby demand that you immediately stop any and all reference to your product as "chalk paint" (or any derivative thereof) and cease the use of any confusingly similar mark when identifying your goods. If you cannot agree to cease the use of the Chalk Paint mark, or any similar marks in the future, alone or as part of a composite mark on paint products, then we will be forced to take further legal action against you and your company for willful trademark infringement.

Based on the urgency of this matter, please confirm in writing by May 28, 2012 that you will comply with our demands. If we do not hear from you on or before this date, we will assume that you do not intend to comply and will be forced to take whatever legal action is necessary to protect our rights.

Sincerely,

Debbie Hayes

Brand Compliance Manager

cc:     Timothy Kappel, Esq. Annie Sloan Interiors, Ltd.

**EXHIBIT C**

ANNIE SLOAN
UNFOLDED

2609 Piedmont St.
Kenner, LA 70062
Phone: 336-393-9911
Debbie@anniesloanunfolded.com

May 14, 2012

Dear Etsy Shop Owner of Webster's chalk paint:

As you may know, Annie Sloan interiors, Ltd. Is the owner of the Chalk Paint trademark and has been using the mark in connection with its brand of decorative paints for over a decade. Annie Sloan Unfolded is the exclusive distributor of Chalk Paint brand decorative paints in North America and the exclusive licensee of the Chalk Paint trademark for this region. We have expended significant time and resources promoting the Chalk Paint mark in connection with Annie Sloan's paints. Consequently, we must vigorously pursue the improper use and infringement of this mark.

It has recently come to our attention that you are selling paints using the Chalk Paint mark. There are certainty other "ultra-flat" or "ultra-matte" paints on the market, and you are welcome to join them, but your use of the Chalk Paint mark in this manner is likely to cause consumer confusion, deception and mistake. As such, your conduct violates both domestic and international trademark laws.

While we are prepared to take legal action in connection with your unauthorized use of the Chalk Paint trademark, we are writing in an effort to first resolve this matter amicably. To the end, we hereby demand that you immediately stop any and all reference to your product as "chalk paint" (or any derivative thereof) and cease the use of any confusingly similar mark when identifying your goods. If you cannot agree to cease the use of the Chalk Paint mark, or any similar marks in the future, alone or as part of a composite mark on paint products, then we will be forced to take further legal action against you and your company for willful trademark infringement.

Based on the urgency of this matter, please confirm in writing by May 28, 2012 that you will comply with our demands. If we do not hear from you on or before this date, we will assume that you do not intend to comply and will be forced to take whatever legal action is necessary to protect our rights.

Sincerely,

Debbie Hayes

Brand Compliance Manager

cc: Timothy Kappel, Esq. Annie Sloan Interiors, Ltd.

Ex. C re-typed for clarity

**EXHIBIT C**



Law Office of Timothy R.W. Kappel
Post Office Box 121344
Nashville, Tennessee 37212
p. 615.212.9054  f. 615.829.8540
tim@timkappellaw.com

June 8, 2012

Websters Chalk Paint Powder, LLC        *VIA U.S. CERTIFIED MAIL*
c/o Lorraine C. Beckman
13 Meadow Way
Sharpsburg, GA 30277

**RE:    Your Infringing Use of the "Chalk Paint" Trademark**

Dear Ms. Beckman,

As you may be aware, this office represents Annie Sloan Interiors, Ltd. in the protection of its intellectual property assets – including, the Chalk Paint trademark. Annie Sloan Interiors, Ltd. is the owner of the mark, and holds, or is seeking, registrations for the Chalk Paint mark around the world, including the following registration applications in the United States:

- 85479014        CHALK PAINT standard character mark
- 85408522        CHALK PAINT stylized mark

This office also represents Annie Sloan Unfolded, the exclusive licensee of the Chalk Paint mark for this region. Websters Chalk Paint Powder, LLC was recently contacted by my client in a respectful attempt to address the company's infringing use of the Chalk Paint mark (see enclosure). In response, my client received correspondence from Nicole Goodwin, representing herself as a "partner" in the company, which displayed a severe misunderstanding trademark law, as well as my clients' legal rights.

In the United States, trademark rights are established by use – not registration. Long before Annie Sloan Interiors, Ltd. began the process of seeking federal registration of the Chalk Paint mark (both in standard characters and as a stylized logo), the use of the mark in commerce established common law trademark rights. Thus, even as the above registrations are still pending, my client is in no way limited to a protection of the mark in "all caps or special font." Moreover, Ms. Goodwin's suggestion that there is no trademark infringement simply because Websters sells powder for paint, and not paint itself, has no basis in law. Quite the contrary, my client's trademark rights extend to all products that, when bearing the Chalk Paint mark, are likely to be confused or associated with the Chalk Paint brand.

It is unfortunate that my clients' hard-fought growth and success has recently spawned profit-driven imitations seeking to trade on the goodwill of the Chalk Paint mark. However, trademark law has long viewed such copying as an affirmation of a mark's strength and value. Such is the case with Websters and their infringing use the Chalk Paint mark.

My clients again respectfully demand that you stop any and all use of the Chalk Paint mark (or any derivative thereof) in connection with the Websters product.

**EXHIBIT D -1**

Websters Chalk Paint Powder, LLC
June 8, 2012
Page 2

Based on the urgency of this matter, please confirm **in writing** by June 22, 2012 that Websters will comply with my clients' demands. If we do not hear from you on or before this date, we will assume that Websters does not intend to comply and will be forced to take whatever legal action is necessary to protect my clients' rights in this matter.

Very truly yours,

Timothy R.W. Kappel

Cc:     Annie Sloan Unfolded
        Annie Sloan Interiors, Ltd.

**EXHIBIT D-2**



# J.T. HOLLIN Attorney At Law, P. C.

110 Habersham Drive Suite 118

Fayetteville, Georgia 30214

June 22, 2012

Mr. Timothy R.W. Kappel
Attorney at Law
Post Office Box 121344
Nashville, Tennessee 37212

      Re: Alleged Infringement

Dear Mr. Kappel:

      This is written on behalf of my client, Websters Chalk Paint Powder, LLC., in response to your letter of June 8, 2012. Your letter expressed concern that my client's trademark may constitute infringement of the mark, CHALK PAINT, currently owned by Annie Sloan Interiors, Ltd.

      I have enclosed a copy of the logo and text designed and currently used by the LLC in their business activities. As you can tell visually and phonetically, there is a significant difference in the impression made on the public when comparing the two marks. I realize that there are several other factors a trademark examiner takes into consideration, simply from the standpoint of reaching a decision on the eligibility for registration of my client's mark, once their application is submitted for examination.

      Another consideration is that my client's goods, a packaged inert powder comprising complementary ingredients, is a very different consumer product. There are other similar formulations or mixing ingredients on the market that are natural competitors of my clients' product. Likewise, there are other "chalk paint" products in commerce competitive with Anne Sloan Interiors.

      I don't know whether the text of your client's USPTO application may be considered as "merely descriptive," but I believe the phrase "chalk paint" has been in use for several decades in the home decorating, and entertainment field. The two words themselves do not appear to have attained acquired distinctiveness attributable to your client.

      In short, I believe that my client is lawfully entitled to continue their business using their current mark as it now exists, with minimal, if any, confusingly similar episodes in commerce.

      Thank you for your consideration of my client's perspective and their legal rights with respect to this matter. I would be happy to discuss this further with you.

Sincerely,

J.T. Hollin

encl: 1
eim/JTH

**EXHIBIT E**

Office: (770) 371-5024 . www.hollinpatent.com . hollinjr@hotmail.com

| **To:** | Websters Chalk Paint Powder, LLC (jthollin@hollinpatent.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 85669594 - WEBSTERS CHALK PAINT POWDER - WEBST_0612tm |
| **Sent:** | 11/7/2012 3:01:42 PM |
| **Sent As:** | ECOM109@USPTO.GOV |
| **Attachments:** | |

### UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**APPLICATION SERIAL NO.**    85669594

**MARK**: WEBSTERS CHALK PAINT POWDER

# *85669594*

**CORRESPONDENT ADDRESS**:
    JAMES T. HOLLIN, JR.
    J.T. HOLLIN, ATTORNEY AT LAW, P.C.
    110 HABERSHAM DR STE 118
    FAYETTEVILLE, GA 30214-1381

**GENERAL TRADEMARK INFORMATIO**
**http://www.uspto.gov/main/trademarks.h**

**APPLICANT**:    Websters Chalk Paint Powder, LLC

**CORRESPONDENT'S REFERENCE/DOCKET NO** :
WEBST_0612tm

**CORRESPONDENT E-MAIL ADDRESS**:
    jthollin@hollinpatent.com

## EXAMINER'S AMENDMENT

**ISSUE/MAILING DATE**: 11/7/2012

**DATABASE SEARCH:** The trademark examining attorney has searched the USPTO's database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d). TMEP §704.02; *see* 15 U.S.C. §1052(d).

**APPLICATION HAS BEEN AMENDED:** In accordance with the authorization granted by James T Hollin on November 7, 2012, the trademark examining attorney has amended the application as indicated below. Please advise the undersigned immediately of any objections. Otherwise, no response is necessary. TMEP §707. Any amendments to the identification of goods and/or services may clarify or limit the goods and/or services, but may not add to or broaden the scope of the goods and/or services. 37 C.F.R. §2.71(a); *see* TMEP §§1402.06 *et seq.*

# EXHIBIT F

From: **Etsy Legal Department** <legal@etsy.com>
Date: Wed, Jan 16, 2013 at 2:25 PM
Subject: Etsy Infringement Notice
To: websterschalkpaintpowder@gmail.com
Cc: Etsy Legal Department <legal@etsy.com>

================================================================
Listing Deactivation Notice for Infringement
================================================================

Dear Websterschalkpaint,

We have deactivated some item listings in your shop per Etsy's
Copyright and Intellectual Property Policy.

We kindly request that you read the following information
carefully. Do not reactivate these item listings or relist these
items until the issue has been resolved.

This is a confidential matter, and we request that you not
discuss this issue in the Etsy Forums or otherwise violate the
confidential nature of this email.

================================================================

The following item listings have been deactivated:

107558491 - Bulk Order for BIG Projects

97930792 - Websters Chalk Paint Powder for making Chalk Paint

================================================================

----------------------------
Why Were My Items Deactivated?
----------------------------

1) Etsy received a notice from Timothy R.W. Kappel (tim@timkappellaw.com), representation for Jolie Design & Decor,
Inc. The notice said that Jolie Design is the exclusive distributor of CHALK PAINT brand decorative paints in North
America and other regions around the world. Jolie Design is also the exclusive licensee of the CHALK PAINT trademark
in these distribution territories and is authorized to enforce the mark of behalf of its owner, Annie Sloan Interiors, Ltd.
According to the notice, certain material on Etsy is not authorized.

2) The notice drew attention to 2 listing(s) in your Etsy shop

**EXHIBIT G-1**

including: 107558491 and 97930792.

3) The letter stated that these listing(s) incorporate designs,
symbols, language, images, or photographs that infringe upon
the concerned party's copyright or other intellectual property
right.

4) Etsy removed the listing(s) based on Etsy's Copyright and
Intellectual Property Policy: http://www.etsy.com/copyright_policy.php.

If you have questions about this claim or if you believe there
has been a mistake, please refer to the information below. You
may also want to directly contact the party who submitted the
notice or infringement using the contact information above.

Thank you,

Etsy

legal@etsy.com

================================================================

**EXHIBIT G-2**



# J.T. HOLLIN Attorney At Law, P. C.

### Registered Patent Attorney

110 Habersham Drive Suite 118          **January 17, 2013**          Fayetteville, Georgia 3021

Mr. Timothy R.W. Kappel
P.O. Box 121344
Nashville, Tennessee 37212

      Re: Websters Chalk Paint Powder
          Certified Mail Return Receipt Requested # 7011 2970 0004 3931 1509

Dear Mr. Kappel:

     This letter is written as an advisory giving you and your law firm thirty (30) days written notice as required under Georgia law, prior to bringing legal action under Georgia's unfair or deceptive practices act, [O.C.G.A.§10-1-393] or the corresponding Tennessee statute.

     Specifically, my client, Websters Chalk Paint Powder, LLC has sent me documentation indicating that you and/or your law firm have contacted Etsy's advertising services with a clear mis-representation of a claim against Websters. Your notice on Etsy harms my client's business.

     As you well know, my client's commercial trade name is WEBSTERS CHALK PAINT POWDER and there is no conflict with the trademark, CHALK PAINT, belonging to Anne Sloan Interiors, Ltd. The two products, paint on the one hand, and powder on the other, are substantially different.

     This letter is written to demand that you withdraw your complaint filed with Etsy's immediately. Your action appears to be a prime example of trademark bullying ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. \ A court of law will easily find that yours and your client's conduct constitutes unfair competition and false representation of characteristics, sponsorship and/or qualities of both side's respective products.

     There are also statutes in the State of Tennessee, (included in Title 47, Chapter 18 of the TN Code) prohibiting such unfair or deceptive trade practices. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Federal statutes certainly prohibit such unfair trade practices activity. If your cooperation is not gained in this matter within the next three business days, we will immediately consider filing suit in the proper forum against you, your law firm, and Jolie Design & Décor, Inc.

     We appreciate your re-thinking of the unwarranted legal posture you have taken and withdrawing the notice sent to Etsy's.

                 Respectfully,

                 James T. Hollin, Jr.

cc: Websters
JTH/ch

## EXHIBIT H



**EXHIBIT J**